## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

**In re:**

    **Theodore J. Mayo, Sr.**                                         Chapter 7 Case
            **Debtor.**                                          **# 04-11106**

_____

**Trustees of the Iron Workers**
**District Council of New England Pension,**                     Filed & Entered
**Health and Welfare, Annuity, Vacation, and**                    On Docket
**Education Funds, and**                                       August 21, 2007
**International Association of Bridge, Structural,**
**Ornamental and Reinforcing Iron Workers,**
**Local 474, AFL-CIO**                                         **Adversary Proceeding**
            **Plaintiffs,**                                 **# 04-1067**
    v.
**Theodore J. Mayo, Sr.**
            **Defendant.**

_____

*Appearances:*    *Kathleen Walls, Esq.*             *William W. Cobb, Esq.*
                      *Middlebury, VT*                    *Hyde Park, VT*
                      *Attorney for Plaintiff*            *Attorney for Defendant*

### ORDER
### DENYING DEFENDANT'S MOTION TO VACATE ORDER STRIKING ANSWER
### AND DENYING DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

       On June 18, 2007, the Defendant filed a document entitled "Opposition to Motion for Summary Judgment and Motion to Vacate Order Striking Defendant's Answer and Motion to Vacate Default Judgment" (doc. # 184). This Order addresses Point V raised in the motion – the Defendant's request to "vacate the order striking Defendant's Answer, vacate the default judgment, and allow the case to be decided on the merits." Id.

       The Defendant's argument in support of vacatur is brief: he argues that he has "a meritorious defense to the allegations" and that the striking of his Answer and entry of a default judgment is "an extreme remedy which is not justified under the circumstances" Id. at p. 6. The Defendant adds that "any failure to abide by earlier Court orders or to comply with discovery deadlines should be considered excusable neglect." Id. Although the Defendant does not cite any rule or case law to support his motions to vacate, the Court treats them as motions for relief from a judgment under Fed.R.Civ.Proc.60, as incorporated into Bankruptcy Rule 9024, which provides, in relevant part:

> (b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.**
>
> > On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . . The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . .

Fed. R. Civ. P. 60(b). A court may reconsider or vacate one of its earlier decisions when a party can point to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. See Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citation and quotation omitted). A court should grant reconsideration when a party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The standard for granting a motion for reconsideration is strict, see id., but ultimately the question is a discretionary one. See, e.g., Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

The Defendant has repeatedly asserted throughout this proceeding that he has a meritorious defense. At the same time, however, he also steadfastly refused to comply with discovery rules and scheduling deadlines, and that conduct has significantly impeded the Plaintiff's efforts to move the case forward.[1] His conclusory statement that his failure to comply with discovery rules and court orders, spanning over a year and a half, does not in any way constitute excusable neglect.[2]

The Defendant has not pointed to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice, which would justify vacatur of the order striking the Defendant's Answer. It may seem unjust to the Defendant that he will not have an opportunity to present evidence in response to the allegations of the Complaint, but the right to proceed in litigation is contingent upon compliance with discovery rules and court orders. "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." Davidson v. M. Dean, 204 F.R.D. 251, 255 (S.D.N.Y. 2001) (citations and quotations omitted). A synopsis of the Defendant's failure to comply with rules and orders is set out below, and indicates that the severe sanction of striking his Answer was imposed only after repeated efforts by the Plaintiff and this Court to force compliance with the

---

[1] See Plaintiff's Objection to Motions to Vacate (doc. # 189) laying out the long procedural history between these parties.

[2] The Court is aware that the Defendant recently retained new counsel and that the attorney who filed the instant motions was not representing the Defendant at the time the orders were entered striking the Defendant's answer and granting the Plaintiff a default judgment. However, the Court must address the motion based upon the record that the Defendant created and assess whether the vacatur of orders is warranted based upon the actual record.

2

rules of procedures and clear directives of the Court, which the Defendant understood, and where the non-compliance was due to factors within his control.

The two orders which are the subject of the instant motions are the Order granting the motion to strike the Answers filed by Defendants Mayo (and Superior Steel) (doc. # 122) and the Order granting default judgment against Defendants Mayo (and Superior Steel) (doc. # 147). The Order striking the Defendant's Answer in this adversary proceeding was intended to be a severe sanction. That sanction was not imposed until after the Defendant had been given several opportunities to comply with the rules governing the conduct of federal court litigation generally, and adversary proceedings in bankruptcy court in particular. By way of context, the first round of motions to compel the Defendant's compliance with discovery deadlines was filed by the Plaintiff in a related adversary proceeding against the Defendant in March, 2006, and the first order granting a motion to compel his compliance was entered on April 27, 2006 (doc. # 78). The Plaintiff in this proceeding filed its first motion to compel discovery against the Defendant in May 2006 (doc. # 85). Since the Plaintiff was able to demonstrate that the Defendant had failed to comply with discovery requests on numerous occasions, the Court entered an Order in June 2006 (a) directing the Defendant to serve a response to the Plaintiff's discovery demands by July 2006 and (b) specifying that failure to do so would result in his Answer in this proceeding being stricken (doc. # 92). The Defendant was represented by counsel at the time and had clear warning that he would be subject to sanctions if he did not comply.

In July 2006, the Plaintiff filed a notice of non-compliance (doc. # 101). The Defendant vigorously disputed the Plaintiff's contention that he had not complied. In an effort to give the Defendant every possible benefit of the doubt before imposing sanctions, and to facilitate a negotiated resolution of what had become an adversarial discovery dispute, the Court appointed a Federal Court evaluator to meet with the parties, review the demands and responses, and report to the Court concerning the status of the Defendant's compliance with discovery deadlines. In the interim, the Plaintiff filed two motions for extensions of time to enable the Defendant to comply with discovery (docs. # 100, 114).

In October 2006, the evaluator, a well-respected attorney who had extensive federal court litigation experience, filed a report unequivocally concluding that the Defendant had failed to comply with the discovery mandates (doc. # 120). Based upon the Court's review of the demands and responses, and the evaluator's report, the Court entered the Order sanctioning the Defendant for failing to comply with discovery demands (doc. # 122). The entry of the order striking the Answer seemed appropriate at the time, and seems an appropriate remedy today, when reviewing the facts and procedural history of this adversary proceeding in retrospect. Once the Answer had been stricken, the default judgment followed (doc. # 147).

3

After considering the many admonitions the Court conveyed to the Defendant throughout this proceeding, emphasizing the importance of his compliance with discovery mandates as a prerequisite to addressing the merits of his defense; the several extensions of time to respond to discovery demands granted to the Defendant; and the Defendant's consistent, categorical failure to respond to proper discovery requests, and to remedy his failure to respond; the Court reaffirms that the Defendant has forfeited his right to present a defense; and that the imposition of this "extreme remedy" was justified under the circumstances.

The Court finds that the Defendant has failed to establish any of the criteria, under Fed.R.Civ.Proc.60, as incorporated into Bankruptcy Rule 9024, that would serve as a basis for reconsideration or vacatur of the two orders. Therefore, IT IS HEREBY ORDERED that

1. the Defendant's motion to vacate the Order striking his Answer (doc. # 122) is denied; and
2. the Defendant's motion to vacate the Order granting the Plaintiff a default judgment (doc. # 147) is denied.

**SO ORDERED**.

August 21, 2007
Rutland, Vermont

Colleen A. Brown
United States Bankruptcy Judge

4