*Formatted for Electronic Distribution*                                                              *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

**In re:**

    **Theodore J. Mayo, Sr.**                                               Chapter 7 Case
                Debtor.                                                          # 04-11106

_____

**Trustees of the Iron Workers**
**District Council of New England Pension,**
**Health and Welfare, Annuity, Vacation, and**
**Education Funds, and**
**International Association of Bridge, Structural,**
**Ornamental and Reinforcing Iron Workers,**
**Local 474, AFL-CIO**                                      Adversary Proceeding
              Plaintiffs,                                              # 04-1067
    v.
**Theodore J. Mayo, Sr.,**
              Defendant.

_____

Filed & Entered
On Docket
September 17, 2007

*Appearances:*      *Kathleen Walls, Esq.*                      *William W. Cobb, Esq.*
                            *Middlebury, VT*                                 *Hyde Park, VT*
                            *Attorney for Plaintiffs*                *Attorney for Defendant*

## ORDER
### GRANTING, IN PART, PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

For the reasons set forth in the memorandum of decision of even date, THE COURT HEREBY FINDS that

    1.      the Plaintiff has established that the Defendant's conduct constitutes "defalcation while acting in a fiduciary capacity" under the Bankruptcy Code;

    2.      the Plaintiffs have not sustained their burden of proof on the claim that the attorney's fees awarded in the default judgment are properly excepted from discharge; and

    3.      the Plaintiffs have not sustained their burden of proof that the default judgment should be excepted from discharge on the ground that it was incurred as a result of a intentional and malicious injury to the Plaintiffs.

Accordingly, IT IS HEREBY ORDERED that

    A.      the portion of the default judgment entered against the Defendant as a result of his failure to comply with the Collective Bargaining Agreement, totaling $181,258.00, is excepted from discharge, pursuant to § 523(a)(4);

    B.      the portion of the default judgment attributable to attorney's fees, $27,279.22, is not excepted from discharge; and

    C.      the exception from discharge described in paragraph A is not founded on the additional ground of intentional and malicious injury under § 523(a)(6).

Hence, this Order grants partial summary judgment to the Plaintiffs, and excepts from discharge the Plaintiffs' debt against the Defendant to the extent of one hundred eighty-one thousand, two hundred fifty eight dollars ($181,258.00).

    SO ORDERED.

September 17, 2007                                                               Colleen A. Brown
Rutland, Vermont                                                   United States Bankruptcy Judge